IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TAMMY J.[1], § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-CV-00145-H-BU |
| § | |
| KILOLO KIJAKAZI, § | |
| Acting Commissioner Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tammy J. seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. This case was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters with instructions to submit a report and recommendation to the United States District Judge on all dispositive matters, including motions to remand under the fourth sentence of 42 U.S.C. 405(g). All parties have not consented to the undersigned exercising the full jurisdiction of this Court, thus the undersigned submits these proposed Findings, Conclusions, and Recommendations for the disposition of this case. Dkt. No. 6. The undersigned granted Plaintiff leave to proceed *in forma pauperis* on October 1, 2021. Dkt. No. 8.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

For the reasons explained below, the undersigned recommends that the Court remand the Commissioner's decision for further administrative proceedings.

## I.   BACKGROUND

Plaintiff claims her disability began on November 11, 2017. Administrative Record, Dkt. No. 14-1 (Tr.) at 190. Plaintiff applied for Supplemental Security Income (SSI) on September 27, 2019. Tr. at 190–199. After her application was initially denied on March 3, 2020, and upon reconsideration on May 19, 2020, Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge (ALJ). Tr. at 94–114. That hearing was held on February 11, 2021, with Plaintiff appearing telephonically and the ALJ sitting remotely. Tr. at 30–55. On March 10, 2021, the ALJ issue an unfavorable decision. Tr. at 11–29.

At the time of the hearing, Plaintiff was 57-years-old. Tr. at 37. She had a GED and had attended one semester of college. Tr. at 38. Plaintiff had past work experience as a cashier, home caregiver, and waitress. Tr. at 39–41. However, Plaintiff's earnings for such employment did not amount to substantial gainful activity. Tr. at 41.

The ALJ found that Plaintiff was not disabled and was not entitled to SSI. *See* Tr. at 11–29 (ALJ Decision). At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 27, 2019, the date that Plaintiff applied for SSI.[2] Tr. at 26. At step two, the ALJ found Plaintiff had several severe

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

impairments including hypertension, anxiety, depression, and posttraumtic stress disorder. Tr. at 16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. Tr. at 16–18. Also, during this step, the ALJ evaluated the severity of Plaintiff's mental impairments and whether those impairments satisfy the criteria of listing 12.04 or 12.06. Tr. at 17–18. The ALJ found Plaintiff had moderate limitations in interacting with others, concentrating persisting, or maintaining pace, and adapting or managing oneself. Tr. at 17.

The ALJ also determined that Plaintiff had the residual functional capacity (RFC) to perform medium work with the following limitation:

> [s]he is able to understand, remember, and carry out detailed, but not complex instructions; make all work-related decisions; respond appropriately to frequent changes in the workplace; and have frequent contact and interaction with supervisors, coworkers, and the public.

Tr. at 18.

The ALJ based her opinion on the claimant's testimony, the medical records, the state agency medical consltant's opinion, a psychological consultive examination, and a physical consultive exam. Tr. at 11–29. At step four, the ALJ found Plaintiff had no past relevant work. Tr. at 23.

Instead, based on Plaintiff's age, education, work background, and the RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy Plaintiff can perform. Tr. at 23–24. Specifically, the ALJ found Plaintiff employable as a food service worker, laundry worker, and a dishwasher/kitchen helper. Tr. at 23.

Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined by the Social Security Act, for the period in question. Tr. at 24.

Plaintiff appealed the ALJ's decision to the Appeals Council. Tr. at 5–7. The Appeals Council denied Plaintiff's request for review on June 2, 2021, and Plaintiff timely filed this action in federal district court. Tr. at 9–10.

## II.  LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm

only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520 (2017); *see also Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at

5

any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## III. ANALYSIS

Plaintiff challenges the ALJ's decision on one issue: whether Plaintiff's RFC to perform medium work is supported by substantial evidence when the ALJ allegedly failed to properly evaluate the opinions of two medical professionals. Dkt. No. 23 at 10–11. Plaintiff states that the ALJ's improper evaluation of the medical opinions of Cherisse Flanagan, Ph.D, who conducted a psychiatric consultative examination, and Russell Stanley, D.O., (Dr. Stanley), who conducted a physical consultative exam, resulted in an unsupported RFC. Dkt. No. 23 at 11. Because the issue concerning the ALJ's RFC determination that Plaintiff can perform medium work compels remand, the undersigned only addresses that issue.

Plaintiff argues that the ALJ's classification that Plaintiff can perform medium work, which includes "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds" is unsupported by substantial evidence. *Id.* at 16; *See* 20 C.F.R. 416.967. Specifically, Plaintiff asserts that the ALJ's RFC is unsupported by medical evidence because Dr. Stanley opined in his examination of Plaintiff that "[t]here are limitations with lifting due to back pain. There are limitations with carrying weight due to back pain." Dkt. No. 23 at 16; Tr. at 330.

Plaintiff argues that the "ALJ micharacterized the evidence" in finding that Dr. Stanley's opinion was only "partially persuasive". No. 23 at 16. Plaintiff states that the ALJ erroneously concluded that Dr. Stanley's limitations on lifting and carrying was "based on

6

the claimant's self report". Dkt. No. 23 at 16; Tr. at 20. This conclusion allegedly mischaracterized the evidence because Dr. Stanley's examination also "revealed tenderness to palpation of the lumbar spine, crepitus, and decreased range of motion of the neck and back," thus Dr. Stanley's opinion was based on more than the claimants self report. Dkt. No. 23 at 16.

The Commissioner responds in one paragraph, claiming the ALJ committed no error because Dr. Stanley "did not specify the degree of the limitation [on lifting and carrying]" and "[p]laintiff has failed to cite any evidence which would support any greater limitations [than the medium exertional classification], as is her burden." Dkt. No. 24 at 5. Thus, the Commissioner asserts that the ALJ "considered the evidence as a whole, properly considered the persuasiveness of the opinions in the record, and rendered a decision supported by substantial evidence." *Id.*

The purpose of an RFC is to determine the most an individual can do despite their limitations. SSR 96-8P, 1996 WL 374184, at *1 (1996). To determine an individual's RFC, an ALJ will consider all evidence, and then determine what evidence is consistent, and if that evidence is sufficient to determine disability. 20 C.F.R. § 404.1520b(a) (2017). The ALJ will also determine what evidence is incomplete or inconsistent and how to best evaluate and manage that evidence or whether to use that evidence at all. *Id.* at (b)–(c). An RFC must be based on all relevant evidence and consistent with both objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529, 416.920c (2017).

Here, the ALJ's medium exertional level classification is not supported by substantial evidence because: (1) the ALJ fails to explain how the RFC is consistent with

the Plaintiff's diagnosed physical impairments, and (2) fails to explain how Plaintiff's ability to perform her daily activities supports the medium exertional work RFC.

An ALJ can provide substantial evidence for the lifting and carrying requirements of the determined RFC by explaining how the classification is consistent with the objective medical findings. *Williams v. Berryhill*, No. CV H-17-609, 2018 WL 2335356, at *6 (S.D. Tex. Feb. 28, 2018). Thus, an RFC that is inconsistent with the diagnosis and noted limitations in the medical findings, if not explained, lacks substantial evidence. *See id.* For example, in *Williams*, the ALJ's RFC determination was flawed because the ALJ failed to explain how a diagnoiss of lumbar spondylosis, paraspinal tenderness, lumbar muscle spassms, and decreased range of motion on lateral bending was consistent with the weight lifting and bearing requirements for medium work. *See id.*

Here, the ALJ's RFC is not supported with substantial evidence because the ALJ does not explain how the finding that Plaintiff can lift and carry up to 50 pounds occasionally and 25 pounds frequently is consistent with the objectice medical evidence. *See Williams*, 2018 WL 2335356, at *6. The ALJ references Dr. Stanley's opinion that Plaintiff has limitations with lifting and carrying, and that Dr. Stanley did not provide specific weight limitations. Tr. at 18–19. What the ALJ does not explain is how medium exertional work is within the limitations opined by Dr. Stanley or within the limitations caused by Plaintiff's tenderness on palpation of the lumbar spine, crepitus, and decreased range of motion of her neck and back. *See* Tr. at 18–22. Accordingly, the ALJ's RFC classification as it pertains to lifting and carrying is not supported with objective medical evidence.

An ALJ may alternatively use evidence of a claimant's activities to support an RFC that is inconsistent with capabilities described in medical opinions, but only if the activities relate to the claimant's ability to perform the designated RFC. *See Rodriguez v. Saul*, No. SA-20-CV-00817-ESC, 2021 WL 2210898, at *5 (W.D. Tex. June 1, 2021). In *Rodriguez*, an ALJ rejected medical opinions stating that the claimant could only lift a maximum of 20 pounds, and instead assessed that the claimant could lift 50 pounds occasionally and 25 pounds frequently, because the claimant could "run three to four times a week at various poiunt during the period of alleged disability". *Id.* The court found that the ALJ's medium exertional level RFC was not supported by substantial evidence because the decision was "unaccompanied by any medical opinion of record that these activities activities related to an ability to perform the the exertional qualifications of medium work". *Id.* Thus, the ALJ erred by finding that the ability to run justified the imposition of an RFC that requires the lifting and carrying of 25 and 50 pounds. *See id.*

Here, the ALJ's use of Plaintiff's daily activities to reject a 5 and 10 pound lifting limitation does not also justify the imposition of an RFC that requires lifting and carrying up to 50 pounds. In the ALJ's decision, the ALJ finds the opinion of Mallory Marrow, F.F.P., (Marrow), who found that Plaintiff could only lift or carry up to 10 pounds occasionally and 5 pounds frequently, not persuasive because it was not supported with physical examination findings and was inconsistent with other records. Tr. at 21–22. Specifically, the ALJ found that Mallory's lifting and carrying limitations were inconsistent with Plaintiff's daily activities of cooking, doing housework, doing laundry, sweeping, and washing the dishes. Tr. at 19–20.

9

And while the ALJ's rejection of Mallory's lifting and carrying limitations may be supported by substantial evidence, as many of the listed daily activities require the lifting and carrying of up to 10 pounds, the ALJ did not explain how those same activities support the conclusion that Plaintiff can lift and carry 25 to 50 pounds. *See* Tr. at 18–22. Although Plaintiff's daily activities may demonstrate the ability to lift and carry more than 5 or 10 pounds, those same activities, without further explanation, cannot support the conclusion that Plaintiff can lift and carry up to 50 pounds. *See Rodriguez*, 2021 WL 2210898, at *5.

Accordingly, the undersigned RECOMMENDS that the hearing decision be reversed and remanded for further administrative proceedings. Because the undersigned finds reversible error in the medium exertional work component of the ALJ's RFC classification, analysis of Plaintiff's alleged mental impairments is not necessary.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be REVERSED, and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions as to the issue of Plaintiff's RFC.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 28th day of October, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE