IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TAMMY J.,[1] § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-CV-145-H-BU |
| § | |
| KILOLO KIJAKAZI, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tammy J. filed this action seeking judicial review of an unfavorable decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters.

After reviewing Plaintiff's and Commissioner's briefs, the undersigned entered Findings, Conclusions, and Recommendations recommending that the ALJ's decision be reversed and remanded for further administrative action under the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. No. 25. The Honorable United States District Judge James Wesley Hendrix accepted the FCR on November 21, 2022. Dkt. No. 26.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

Now before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), filed February 14, 2023. Dkt. No. 28. Because this Motion has not been specifically referred to the undersigned for resolution, the undersigned submits these Findings, Conclusions and Recommendation.

In the brief supporting the Motion, Plaintiff asserts that attorney fees are justified because Plaintiff is the prevailing party, and the Social Security Administration's position was not substantially justified. Dkt. No. 29 at 1. Plaintiff seeks recovery of attorney fees at an hourly rate of $214.29 for 2.0 hours of attorney services expended in 2021 and an hourly rate of $232.67 for 15.5 hours of attorney services expended in 2022, for a total of $4,034.97 in attorney fees. *Id*. at 2. Additionally, Plaintiff seeks recovery of paralegal fees at an hourly rate of $100.00 for 2.4 hours of paralegal services expended in 2021 and 3.4 hours of paralegal services expended in 2022, for a total of $580 in paralegal services. The total amount of requested attorney and paralegal fees is $4,614.97. *Id.*

The Commissioner did not file a response. The undersigned has independently determined that the hourly rate and the number of hours sought by Plaintiff is reasonable. Having considered the Motion, the undersigned RECOMMENDS that Plaintiff's Motion be granted and that she be awarded $4,614.97 in attorney fees to be paid directly to her attorney of record.

**RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 25th day of August, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE